**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL O'CALLAGHAN,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>CITY OF PORTLAND; GREGORY FRANK, Hearings Officer; KURT NELSON, City Parks; STUART PALMITER,<br><br>       Defendants-Appellees. | No. 15-35987<br><br>D.C. No. 3:12-cv-00201-BR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 13, 2017
Portland, Oregon

Before: BERZON, WATFORD, and OWENS, Circuit Judges.

Plaintiff Michael O'Callaghan appeals the district court's grant of summary

judgment to defendant City of Portland, Oregon ("the City") and to three

individual defendants on O'Callaghan's claim under 42 U.S.C. § 1983 that City

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

officials violated his Fourth Amendment rights. O'Callaghan also appeals the district court's denial of his request for declaratory relief concerning his claim that a City ordinance prohibiting camping on public property, Portland City Code ("PCC") 14A.50.020, violates the Eighth Amendment. We affirm in part and reverse in part.

1.     The district court did not err in granting summary judgment to the City on O'Callaghan's Fourth Amendment claim. O'Callaghan alleged in his Second Amended Complaint ("SAC") that City officials violated his Fourth Amendment rights when he was arrested on January 26, 2011.[1] That arrest led directly to O'Callaghan's conviction on March 14, 2011 for second-degree criminal mischief. O'Callaghan unsuccessfully appealed his conviction, and sought a court order vacating his conviction, also unsuccessfully.

To obtain relief for actions "whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must generally prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

---

[1] Although O'Callaghan was arrested three times in January and February of 2011, and alleged in the SAC that all three arrests violated his Fourth Amendment rights, his appellate briefing makes clear that he challenges only the January 26, 2011 arrest on appeal ("As relevant here, [O'Callaghan] alleged that his arrest on January 26, 2011, violated the Fourth Amendment because the officers lacked probable cause.").

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Our precedent holds that the *Heck* bar applies even to plaintiffs who serve only a short period of time in custody and have no meaningful opportunity to seek habeas relief, if such a plaintiff could have successfully challenged their conviction through direct appeal or post-conviction relief. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1191-92 & n.12 (9th Cir. 2015); *Martin v. City of Boise*, ___ F.3d ___, 2018 WL 4201159, at *9 (9th Cir. Sept. 4, 2018). O'Callaghan's Fourth Amendment claim under section 1983, if successful, would necessarily rest on the invalidity of his March 2011 conviction. But O'Callaghan did not obtain a judgment invalidating that conviction before filing this lawsuit. His section 1983 claim for retrospective relief is therefore barred under *Heck* and its progeny.

2.     The district court erred in denying O'Callaghan's Motion to Declare PCC 14A.50.020 Unconstitutional. The district court construed O'Callaghan's Eighth Amendment challenge to PCC 14A.50.020 as a facial rather than as-applied challenge, citing O'Callaghan's representations at oral argument.

O'Callaghan concedes on appeal that the ordinance does not, on its face, violate the Eighth Amendment. But O'Callaghan's briefing and statements at oral

3

argument before the district court made clear that his Eighth Amendment challenge was necessarily an as-applied one; O'Callaghan maintained that the ordinance was unconstitutional as applied to the "thousands of Oregonians who have no legal place to sleep."

We recently held that a city ordinance prohibiting individuals from sleeping outside on public property may violate the Eighth Amendment when enforced against homeless individuals who have no access to alternative shelter. *See Martin*, 2018 WL 4201159, at \*2; *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2006), *vacated*, 505 F.3d 1006 (9th Cir. 2007). The district court should therefore permit O'Callaghan to amend his complaint to include sufficient facts concerning whether the ordinance was unconstitutional as applied to Portland's homeless population, and then rule on the legal viability of the complaint. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-97 (9th Cir. 2014); *Starr v. Baca*, 652 F.3d 1202, 1213-15 (9th Cir. 2011).

We therefore **AFFIRM** the district court's judgment with respect to O'Callaghan's Fourth Amendment claim, **REVERSE** with respect to his Eighth Amendment challenge, and **REMAND** to the district court. The parties shall bear their own costs.